UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Jorge I. Calderon Ortiz, <br><br>　　　Plaintiff, <br><br>v. <br><br>Ur Jaddou <br>Director <br>U.S. Citizenship and Immigration Services <br><br>Director <br>National Benefits Center <br>U.S. Citizenship and Immigration Services <br><br>　　　Defendants. | Civil Action No.: |

**COMPLAINT FOR REVIEW UNDER THE ADMINISTRATIVE
PROCEDURE ACT AND FOR WRIT OF MANDAMUS**

Comes now, Plaintiff, Jorge I. Calderon Ortiz (Mr. Calderon Ortiz), by and through Alfredo Estrada of Burke Costanza & Carberry LLP, for his Complaint for review under the Administrative Procedure Act and for Writ of Mandamus, and states as follows:

**JURISDICTION**

1.　　The Court has jurisdiction to hear this case under 28 U.S.C. § 1331, Federal Question Jurisdiction, with the matter arising under 5 U.S.C. §§ 701-706, the Administrative Procedure Act. The Court also has jurisdiction under 28 U.S.C. § 1361, The Mandamus Act.

**VENUE**

2.　　The U.S. District Court for the Northern District of Indiana is a proper venue for this action under 28 U.S.C. § 1391(e)(1)(C) because defendants are officers of the United States, plaintiff resides in the district in Lake County, Indiana, and no real property is involved in the action.

## THE PARTIES

3. Mr. Calderon Ortiz is a native and citizen of the Honduras. He is the son of Jackmael Calderon, a U.S. Citizen. And, husband to Elvira J. Calderon, a legal permanent resident.

4. Defendant Ur Jaddou is the Director of USCIS, which is processing plaintiff's form I-485.

5. Defendant Director of the National Benefits Center of USCIS is responsible for supervising the National Benefits Center, where plaintiff's petition is pending. His or her name is unknown. See Fed. R. Civ. P. 17(d) (permitting a public officer to be designated by title).

6. Both government defendants are sued in their official capacities.

## FACTUAL ALLEGATIONS

7. Mr. Calderon Ortiz is a beneficiary of an approved I-130 Petition for Alien Relative, with the priority date of August 21, 2018, pursuant to Section 201(b) of the Immigration and Nationality Act (INA), based on his marriage to a U.S. Citizen. [Exh. 1].

8. Mr. Calderon Ortiz filed his I-485 Application to Register Permanent Residence of Adjust Status pursuant to INA § 245(a) on November 4, 2020. [Exh. 2].

9. Mr. Calderon Ortiz is eligible to receive an immigrant visa, is admissible to the United States, and has an immigrant visa immediately available to him through the approved I-130 petition that his immediate relative U.S. citizen son on his behalf in 2018. [Exh. 1].

10. Additionally, Mr. Calderon Ortiz meets the requirements of INA § 245(i) through the I-130 Petition for Alien Relative filed on August 15, 1995 filed by Mr. Calderon Ortiz' mother, Rosaura Ortiz. [Exh. 3].

11. Mr. Calderon Oritz filed his his I-485 Application to Register Permanent Residence of Adjust Status pursuant to INA § 245(a) on November 4, 2020 without decision.

12. This constitutes an unreasonable delay.

## FIRST CAUSE OF ACTION:
## ADMINISTRATIVE PROCEDURE ACT

13. Plaintiff incorporates the foregoing paragraphs by reference.

14. The Administrative Procedure Act imposes a duty on an agency to "conclude a matter presented to it" within "a reasonable time." 5 U.S.C. § 555(b). A reviewing court "shall…compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706.

15. The processing time for an I-485 Application to Register Permanent Residence of Adjust Status for the Chicago Field Office is seventeen and half months. Such indicates an unreasonably long delay.

16. The delay in processing the petition prevents the Mr. Calderon Ortiz from living together as a family in the comfort and safety of the United States, their home, with legal status. The delay also requires hinders Mr. Calderon Ortiz from advancing in his career, thus financially.

17. Courts have found that USCIS has a mandatory duty to process immigrant visa petitions similar to plaintiffs' I-485 Application to Register Permanent Residence of Adjust Status pursuant to INA § 245(a). *Razaq v. Poulos*, No. C06-2461, 2007 WL 61884, at *3 (N.D. Cal. Jan. 8, 2007) (finding mandatory duty to adjudicate family-based immigrant visa petition).

18. "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application…." 8 U.S.C. § 1571(b).

19. Plaintiff asks the Court to compel USCIS to adjudicate his I-485 Application to Register Permanent Residence of Adjust Status pursuant to INA § 245 within 30 days.

## SECOND CAUSE OF ACTION: MANDAMUS

20. Plaintiff incorporates the foregoing paragraphs by reference.

21. To obtain a writ of mandamus, a plaintiff must show (1) he has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002).

22. Plaintiff has a clear right to a final adjudication of his I-485 Application to Register Permanent Residence of Adjust Status pursuant to INA § 245(a), and USCIS has a duty to adjudicate the application. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."). If the Court dismisses the first cause of action, then there will be no other adequate remedy available.

23. Plaintiff asks the Court to compel USCIS to adjudicate his I-485 Application to Register Permanent Residence of Adjust Status pursuant to INA § 245 within 30 days.

## REQUEST FOR RELIEF

24. Plaintiff prays for judgment against defendants within U.S. Citizenship and Immigration Services and respectfully asks the Court to enter an order:

   a. Requiring defendants to adjudicate plaintiffs his I-485 Application to Register Permanent Residence of Adjust Status pursuant to INA § 245(a) within 30 days;

   b. Awarding plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

   c. Granting such other relief at law and in equity as justice may require.

Respectfully submitted,

/s/ Alfredo Estrada
Alfredo Estrada
Burke Costanza & Carberry LLP
9191 Broadway
Merrillville, Indiana 46410
Telephone: 219-769-1313 x118
Facsimile: 219-769-6808
estrada@bcclegal.com
Attorney for Jose I. Calderon Ortiz